UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOEL EVERETT KISSLER,

    Petitioner,

v.

MARGRET GILBERT,

    Respondent.

CASE NO. 3:15-CV-05859-BHS-DWC

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

The District Court has referred this action filed under 28 U.S.C. § 2254 to United States Magistrate Judge David W. Christel. Currently pending in this action is Petitioner's Motion for Appointment of Counsel. Dkt. 9.

There is no right appointed counsel in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures." *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court may appoint

counsel "at any stage of the case if the interest of justice so require." *Weygandt*, 718 F.2d at 754. In deciding whether to appoint counsel, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.*

Here, the Court directed service of the Petition and the time for filing an answer has not run. *See* Dkt. 7. As an answer has not been filed, the Court does not find good cause for granting leave to conduct discovery and has not determined an evidentiary hearing will be required. *See* Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). Furthermore, Petitioner effectively articulated his grounds for relief raised in the Petition, the grounds are not factually or legally complex, and it is difficult to determine the likelihood of success on the merits without an answer and the state court record. *See* Dkt. 6. Thus, Petitioner has not shown the interest of justice requires the Court to appoint counsel at this stage in the case.

As Petitioner has not shown appointment of counsel is appropriate at this time, the Motion for the Appointment of Counsel is denied without prejudice.

Dated this 30th day of December, 2015.

David W. Christel
United States Magistrate Judge

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL - 2