UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOEL E. KISSLER,

                              Petitioner,

        v.

MARGARET GILBERT,

                              Respondent.

CASE NO. C15-5859 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

        This matter comes before the Court on the Report and Recommendation ("R&R")
of the Honorable David W. Christel, United States Magistrate Judge (Dkt. 26), and
Petitioner Joel Kissler's ("Kissler") objections to the R&R (Dkt. 27).

        On November 30, 2015, Kissler filed a habeas petition under 28 U.S.C. § 2254
seeking relief from his state court convictions.  Dkt. 6.  In February 2013, Kissler was
convicted by a jury for unlawful possession of a controlled substance with intent to
distribute, unlawful possession of a controlled substance, and unlawful possession of a
firearm. *Id.* at 1.  Kissler waived his right to counsel and represented himself at trial.
Kissler now raises three grounds for relief: (1) he did not intelligently waive his right to
counsel because the trial court misinformed him of the maximum punishment for one of
the counts; (2) he did not intelligently waive his right to counsel because the trial court

1   did not inform him of the significance of firearm sentencing enhancements; and (3) the

2   trial court impermissibly imposed firearm sentence enhancements based on an incorrect

3   jury instruction.  *Id.* at 5–8, 16–18.

4          On April 20, 2016, Judge Christel issued the R&R recommending the Court deny

5   Kissler's petition because the state court's adjudication of Kissler's claims was not

6   unreasonable or contrary to clearly established federal law.  Dkt. 26 at 1.  Judge Christel

7   also recommended denying a certificate of appealability.  *Id.* at 17.  On May 5, 2016,

8   Kissler filed objections.  Dkt. 27.

9          The Court "must determine de novo any part of the magistrate judge's disposition

10  that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  The Court "may accept,

11  reject, or modify the recommended disposition; receive further evidence; or return the

12  matter to the magistrate judge with instructions."  *Id.*

13         Kissler does not make specific objections to the R&R.  *See* Dkt. 27; *see also* Fed.

14  R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific written objections* to the

15  proposed findings and recommendations." (emphasis added)).  Instead, Kissler repeats

16  the same arguments that he raised in his previous filings.  *Compare* Dkts. 6 & 24, *with*

17  Dkt. 27.  When a party makes only general arguments or simply repeats previous

18  arguments, the Court reviews the R&R for clear error.  *See Edwards v. Fischer*, 414 F.

19  Supp. 2d 342, 346–47 (S.D.N.Y. 2006).

20         Here, under either standard of review, the Court concludes that Judge Christel did

21  not err in recommending that Kissler's petition be denied on the merits.  Kissler is correct

22  that a misunderstanding regarding the maximum possible sentence requires adequate

1   *Faretta* cautions.  *United States v. Franklin*, No. 14-30164, 2016 WL 2894454, at *2 (9th

2   Cir. May 18, 2016) (citing *Faretta v. California*, 422 U.S. 806 (1975)).  However, under

3   the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "federal courts

4   *cannot* grant habeas relief even if a constitutional violation is clear under established

5   circuit court law unless the constitutional question at issue has been decided by a holding

6   of the Supreme Court."  *Curiel v. Miller*, ___ F.3d ___, 2016 WL 3974172, at *7 (9th

7   Cir. July 25, 2016) (Reinhardt, J., concurring).  "Further, slight factual differences

8   between cases have been enough for the Court to determine that no 'clearly established'

9   law existed on a particular question."  *Id*.

10          The Washington Court of Appeals held that "the trial court correctly informed

11   Kissler before his waiver that his maximum penalty would not exceed 10 years."  *State v.*

12   *Kissler*, 184 Wn. App. 1019, *7 (2014), *review denied*, 184 Wn.2d 1011 (2015).  More

13   importantly, the court concluded that "Kissler does not cite any case standing for the

14   proposition that, trial courts must specify in detail the potential penalty as it relates to

15   each of the defendant's charges before finding the defendant knowingly, intelligently, and

16   voluntarily waived the right to counsel."  *Id*. at *6.  Similarly, Kissler fails to cite any

17   Supreme Court case directly on point for the proposition that "it is unreasonable to say a

18   knowing waiver can be premised on incorrect information."  Dkt. 27 at 3.  Thus, the

19   Court is precluded from granting federal habeas relief even if Kissler actually "thought he

20   faced a 1 year maximum sentence when he waived his right to counsel, but . . . later

21   learned during trial that he faced 5 years as a maximum term."  Dkt. 27 at 3.

22

1      With regard to Kissler's jury instruction claim, Judge Christel correctly concluded

2  that "the fact the jury instruction differed with state law does not form a basis for habeas

3  relief."  Dkt. 26 at 16 (citing *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991)).

4      Finally, the Court also agrees that a certificate of appealability should not be

5  issued because Kissler has not shown the denial of a constitutional right or that

6  reasonable jurists could disagree as to the denial of his claims.

7      Therefore, the Court having considered the R&R, Kissler's objections, and the

8  remaining record, does hereby find and order as follows:

9      (1)      The R&R is **ADOPTED**;

10     (2)      The Court **DENIES** Kissler's habeas petition on the merits;

11     (3)      The Court **DENIES** a certificate of appealability; and

12     (4)      This action is **DISMISSED**.

13  Dated this 28th day of June, 2016.

14

15  _____

16  BENJAMIN H. SETTLE
    United States District Judge

17

18

19

20

21

22